1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN P. MCGRAW,

 Plaintiff,

 v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

 Defendant.

CASE NO. 14-cv-05921 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkts. 17, 21, 24).

     After considering and reviewing the record, the Court concludes that the ALJ

erred in failing to include all of the limitations assessed by Dr. Daniel Neims, Psy.D in

plaintiff's residual functional capacity ("RFC"). Because the RFC should have included

ORDER ON PLAINTIFF'S COMPLAINT - 1

1   additional limitations, and because these additional limitations affected the ultimate

2   disability determination, the error is not harmless.

3       Therefore, this matter is reversed and remanded pursuant to sentence four of 42

4   U.S.C. § 405(g) to the Acting Commissioner for further consideration.

5                                      BACKGROUND

6       Plaintiff, JOHN P. McGRAW, was born in 1961 and was 49 years old on the

7   alleged date of disability onset of March 12, 2011 (*see* AR. 230-33). Plaintiff obtained his

8   GED in 1977 (*see* AR. 259). Plaintiff has work history as a cook, aerospace molder, long

9   haul driver, supervisor in bag company and forklift driver (AR. 280-91). Plaintiff was

10  fired from his last job for not being able to perform his duties after he re-injured his back

11  while helping a friend move (*see* AR. 59-60).

13      According to the ALJ, plaintiff has at least the severe impairments of

14  "degenerative disc disease of the back, bilateral hearing loss, obesity, diabetes mellitus,

15  mood disorder, bipolar disorder, major depressive disorder, alcohol dependence, cocaine

16  abuse, methamphetamine abuse, and anxiety disorder with social phobia (20 CFR

17  404.1520(c))" (AR. 22).At the time of the hearing, plaintiff was living with his mother in

18  her home (AR. 55).

19                                 PROCEDURAL HISTORY

20      Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

21  U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

22  reconsideration (*see* AR. 126-37, 139-53). Plaintiff's requested hearing was held before

23  Administrative Law Judge Michael Gilbert ("the ALJ") on December 4, 2012 (*see* AR.

ORDER ON PLAINTIFF'S COMPLAINT - 2

1    43-105). On June 28, 2013, the ALJ issued a written decision in which the ALJ

2    concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 17-

3    42).

4        In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or

5    not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ

6    properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated

7    the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's RFC; and (5)

8    Whether or not the ALJ erred in basing his step four and step five findings on an RFC

9    assessment that did not include all of plaintiff's limitations (*see* Dkt. 17, p. 2). Because

10   this Court reverses and remands the case based on issues 1, 4, and 5, the Court need not

11   further review other issues and expects the ALJ to reevaluate the record as a whole in

12   light of the direction provided below.

13

14                        STANDARD OF REVIEW

15       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

16   denial of social security benefits if the ALJ's findings are based on legal error or not

17   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

18   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

19   1999)).

20

21                             DISCUSSION

22   (1)     **Whether or not the ALJ properly evaluated the medical evidence.**

23       Plaintiff contends that the ALJ erred by failing to provide a specific and legitimate

24   reason supported by substantial evidence for discounting the opinion of examining

1    physician Dr. Daniel Neims, Psy.D. (*see* Opening Brief, Dkt. 17, pp. 3-4).

2       On May 2, 2013, Dr. Neims performed a psychological/psychiatric examination

3    and evaluation of plaintiff (*see* AR. 798-817). For that examination and evaluation, Dr.

4    Neims reviewed plaintiff's state disability benefit documentation, conducted a client

5    interview and recorded observations, and performed a mental status examination

6    ("MSE") (*see id*.). Dr. Neims diagnosed plaintiff with "Bipolar II, depressed by [history]

7    with report of transient psychotic features," "[rule out] Schizoaffective disorder, bipolar

8    features," and "Polysubstance Dependence in reported [long-term remission]" (*see* AR.

9    799). Dr. Neims ultimately opined that plaintiff had marked limitations in his ability to

10   make simple work-related decisions, communicate and perform effectively in a work

11   setting, maintain appropriate behavior in a work setting, set realistic goals and plan

12   independently, and complete a normal work day and work week without interruptions

13   from psychologically-based symptoms (*see* AR. 800).

14      The ALJ must provide "clear and convincing" reasons for rejecting the

15   uncontradicted opinion of either a treating or examining physician or psychologist.

16   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d

17   418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when

18   a treating or examining physician's opinion is contradicted, that opinion can be rejected

19   "for specific and legitimate reasons that are supported by substantial evidence in the

20   record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043

21   (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

22   accomplish this by "setting out a detailed and thorough summary of the facts and

1   conflicting clinical evidence, stating his interpretation thereof, and making findings."

2   *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881

3   F.2d 747, 751 (9th Cir. 1989)).

4        Here, the ALJ found that Dr. Neims' opinion was undermined as it was based

5   nearly entirely upon plaintiff's presentation and self-reports (*see* AR. 29, 32). However,

6   this reason is not supported by substantial evidence.

7        The Court notes that "experienced clinicians attend to detail and subtlety in

8   behavior, such as the affect accompanying thought or ideas, the significance of gesture or

9   mannerism, and the unspoken message of conversation. The Mental Status Examination

10  allows the organization, completion and communication of these observations." Paula T.

11  Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford

12  University Press 1993). "Like the physical examination, the Mental Status Examination is

13  termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

14  The MSE generally is conducted by medical professionals skilled and experienced

15  in psychology and mental health. Although "anyone can have a conversation with a

16  patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's

17  'conversation' to a 'mental status examination.'" Trzepacz and Baker, *supra*, The

18  Psychiatric Mental Status Examination 3. A mental health professional is trained to

19  observe patients for signs of their mental health not rendered obvious by the patient's

20  subjective reports, in part because the patient's self-reported history is "biased by their

21  understanding, experiences, intellect and personality" (*id.* at 4), and, in part, because it is

22  not uncommon for a person suffering from a mental illness to be unaware that her

1   "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d

2   1462, 1465 (9th Cir. 1996) (citation omitted).

3   According to the Ninth Circuit, "[an] ALJ may reject a treating physician's

4   opinion if it is based 'to a large extent' on a claimant's self-reports that have been

5   properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

6   2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)

7   (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is

8   distinguishable from one in which the doctor provides his own observations in support of

9   his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194,

10  1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for

11  rejecting an examining physician's opinion by questioning the credibility of the patient's

12  complaints where the doctor does not discredit those complaints and supports his ultimate

13  opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159

14  (9th Cir. 2001). Therefore, "when an opinion is not more heavily based on a patient's

15  self-reports than on clinical observations, there is no evidentiary basis for rejecting the

16  opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan, supra*,

17  528 F.3d at 1199-1200).

18  Here, Dr. Neims performed a detailed MSE, charting a number of results (*see* AR.

19  798-814). Dr. Neims listed several clinical observations regarding plaintiff's symptoms

20  (*see* AR. 799). Dr. Neims made and recorded observations regarding plaintiff's

21  appearance, speech, attitude, mood, and affect (*see* AR. 801). Beyond a detailed MSE

22  including several objective tests of memory and comprehension, Dr. Neims performed

1  tests for depression and anxiety (*see* AR. 805-13). Additionally, Dr. Neims noted that he

2  reviewed plaintiff's workers' compensation documentation and demonstrated knowledge

3  of plaintiff's medical history (*see* AR. 798, 802). Therefore, the record shows that Dr.

4  Neims did not base an opinion of plaintiff's limitations largely on self-reported

5  symptoms. Rather, Dr. Neims provided an opinion that was based on medical records, the

6  doctor's observations, the objective results of the MSE, and plaintiff's self-reported

7  symptoms. Thus, the ALJ's finding that the doctor's assessment was based largely on

8  plaintiff's self-reported symptoms is not supported by substantial evidence.

9

10      Defendant argues that Dr. Neims' opinion was inconsistent with plaintiff's self-

11  reported stability on medication for five years before the doctor's report (*see* Defendant's

12  Brief, Dkt. 21, p. 12). However, the ALJ did not state this reason as one for dismissing

13  Dr. Neims' opinion; therefore, defendant's argument is an improper *post hoc*

14  rationalization. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009)

15  ("Long-standing principles of administrative law require us to review the ALJ's decision

16  based on the reasoning and actual findings offered by the ALJ – not *post hoc*

17  rationalizations that attempt to intuit what the adjudicator may have been thinking.")

18  (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). The

19  ALJ erred by providing no specific and legitimate reason supported by substantial

20  evidence for discrediting Dr. Neims' opinion.

21      The Ninth Circuit has "recognized that harmless error principles apply in the

22  Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

23

24  (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th

1  Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

2  record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court

3  also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

4  is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

5  (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

6  (other citations omitted). Here, because the ALJ improperly rejected the opinion of Dr.

7  Neims in forming the RFC and plaintiff was found to be capable of performing work

8  based on that RFC, the error affected the ultimate disability determination and is not

9  harmless.

10

11        The Court may remand this case "either for additional evidence and findings or to

12  award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when

13  the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is

14  to remand to the agency for additional investigation or explanation." *Benecke v.*

15  *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual

16  case in which it is clear from the record that the claimant is unable to perform gainful

17  employment in the national economy," and that "remand for an immediate award of

18  benefits is appropriate." *Id.*  Here, the outstanding issues are the remaining conflicting

19  medical evidence and whether or not a vocational expert may still find an ability to

20  perform other jobs existing in significant numbers in the national economy despite

21  additional limitations. Accordingly, remand for further consideration is warranted in this

22  matter.

23

24  //

1

CONCLUSION

2

Based on these reasons and the relevant record, the Court **ORDERS** that this

3

matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

4

405(g) to the Acting Commissioner for further consideration consistent with this order.

5

**JUDGMENT** should be for plaintiff and the case should be closed.

6

Dated this 27ᵗʰ day of October, 2015.

7

8

J. Richard Creatura
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24